UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-80110-CIV-COHN/SELTZER

ALLEN CARL GREEN,

    Plaintiff,

v.

BOCA RATON RESORT AND CLUB,
CHEF DONNA WINTERS, INGRID GARCIA,
CHEF JOHN RUDOLPH, JENNIFER WRIGHT
and ATTORNEY PIERRO BUSSANI,

    Defendants.
_____/

## ORDER DENYING RENEWED MOTION FOR LEAVE
## TO PROCEED IN FORMA PAUPERIS
## ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND

**THIS CAUSE** is before the Court on Plaintiff Allen Carl Green's Renewed Application to Proceed Without Prepayment of Fees and Affidavit [DE 8] and his (Second) Amended Complaint [DE 7]. The Court has considered the Amended Complaint, the Application, the supporting financial affidavit, and is otherwise advised in the premises.

Before considering Plaintiff's Renewed Application, the Court must conduct a screening pursuant to 28 U.S.C. § 1915(e)(2) and is required to dismiss the complaint upon a finding that the complaint fails to state a claim on which relief may be granted. For the purposes of this screening, all allegations in Plaintiff's Amended Complaint are assumed to be true.

### I.  BACKGROUND

Plaintiff attempts to allege claims under Title VII of the Civil Rights Act of 1964

against the his former employer, Boca Raton Resort and Club, and various supervisors, including Donna Winters, the executive chef; John Rudolph, another chef at the location; Ingrid Garcia, the human resources recruiter; Jennifer Wright, the human resources manager; and an attorney, Pierro Bussani.  Plaintiff filed this action *pro se* and is seeking to proceed without prepayment of fees.  In addition, Plaintiff has requested appointment of a process server and the scheduling of a quick mediation.

After filing his initial Complaint, Plaintiff filed an Amended Complaint within 21 days pursuant to Fed. R. Civ. P. 15(a)(1) [DE 5].  The Court then reviewed the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2), and concluded that Plaintiff had failed to state a claim under Title VII [DE 6].  The Court dismissed the individual defendants <u>with prejudice</u>, explaining that under the law, these supervisors were not "employers" that can be sued under Title VII.  The Court dismissed the claim as to Plaintiff's employer, the Boca Raton Resort & Club, because Plaintiff failed to sufficiently allege a Title VII cause of action.  See Order Denying Motion for Leave to Proceed In Forma Pauperis and Order Dismissing Complaint with Leave to Amend at 4-5.

Plaintiff has now filed another Amended Complaint, along with attached exhibits [DE's 8/9], and has telephoned chambers asking that the Court allow the case to proceed and provide a copy of any order to a particular attorney Plaintiff believes represents Boca Raton Resort & Club.  This new Amended Complaint adds a brief legal description of a Title VII harassment claim, but fails to allege any additional facts to support the claim.  The (Second) Amended Complaint again states that:

> Donna Winters, Executive Chief on July 24, 2010 [sic] Mrs. Winters has repeatedly threatened to strangle me in front of the other employees, and has cursed me on several occasions. On July 25, 2010, Mrs. Winters told me that if I was to report this matter to Human Resources that she was gonna lie and tell them that I am always late for work and sometimes I don't bother to show up for work. Mrs. Winters has made it very clear that she does not like Africans, African-Americans, and does her best to make your work experience at the Boca Raton Resort and Club very uncomfortable to the point where you want to quit on your own, and has told me on several occasions that if I didn't like what was going on I can just walk. I went to speak with Chef John Rudolph to find out that he agrees with Mrs. Winters on her actions and how she treats the employees. I then went to Ingrid Garcia, Human Resources Recruiter, via verbal request to transfer me to another location and was told that there are a lot of complaints against Mrs. Winters and that she was in the wrong for treating the employees the way she does and that she should not have her job, but I cannot be transferred because my 90 [days] probation period wasn't up.

The only additional allegations concern Plaintiff's filing of complaints with the owners of the Resort and with other government entities.

## II.  ANALYSIS[1]

A complaint filed by a plaintiff seeking to proceed *in forma pauperis* is subject to a screening pursuant to 28 U.S .C. § 1915(e)(2). Section 1915 reads in pertinent part:

> (e) (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
> 
> ...
> 
> (B) the action or appeal-
> 
> ...
> 
> (ii)    fails to state a claim on which relief may be granted; or

28 U.S.C. § 1915. Dismissals for failure to state a claim are governed by the same

---

[1] This section is nearly identical to the Analysis section in the Court's prior Order. It is included here for ease of reference.

standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6).").

Pursuant to Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), to survive a motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

These decisions did not necessarily overturn Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 511 (2002), which concluded that a plaintiff alleging employment discrimination need not plead the elements of a prima facie case to survive a motion to dismiss.  In Swierkiewicz, the Supreme Court found that it was sufficient for the plaintiff to have detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved. 534 U.S. at 514.

## III. DISCUSSION

In its prior order, the Court gave fairly specific reasons why Plaintiff's prior version of his Amended Complaint was insufficient. The Court stated that:

> [H]e does not describe the race of any defendants, nor is there an allegation in the Amended Complaint that he was terminated because of his race or because of his complaint regarding alleged discrimination.

Order Denying Motion for Leave to Proceed In Forma Pauperis and Order Dismissing Complaint with Leave to Amend at 5. In Swierkiewicz, the Supreme Court stated that the petitioner's complaint had, in addition to alleging termination on account of his national origin and age, detailed the events leading to his terminations, provided relevant dates, and included the age and nationalities of some of the relevant people involved in his termination. See Swerikierwicz, 534 U.S. at 514. As the Court did in its prior Order, the Court is willing to infer from Plaintiff's EEO Charge of Discrimination [DE 1 at 16] that he is black, although Plaintiff again fails to state this in his new Amended Complaint. The Court cannot infer more than that. Plaintiff must include the minimum of factual allegations required by the Swierkiewicz decision. The Court will allow Plaintiff one more chance to properly plead a Title VII claim.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.  Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's (Second) Amended Complaint [DE 7] is hereby **DISMISSED**, without prejudice, for failure to state a claim, with leave to amend as to the claim against Boca Raton Resort and Club;

2.  Individual defendants, Donna Winters, John Rudolph, Ingrid Garcia, Jennifer

Wright, and Pierro Bussani are hereby **DISMISSED with prejudice** as to a Title VII claim;

3. Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit [DE 8] is hereby **DENIED, without prejudice**;

4. Plaintiff may file a Second Amended Complaint that complies with this Order by August 25, 2011, and a renewed application to proceed without prepayment of Fees. Failure to timely file a Second Amended Complaint shall result in closing of the case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 4th day of August, 2011.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Allen Carl Green, pro se
894 SW 9th Court
Pompano Beach, FL 33060