UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-80110-CIV-COHN/SELTZER

ALLEN CARL GREEN,

    Plaintiff,

v.

BOCA RATON RESORT AND CLUB,
CHEF DONNA WINTERS, INGRID GARCIA,
CHEF JOHN RUDOLPH, JENNIFER WRIGHT
and ATTORNEY PIERRO BUSSANI,

    Defendants.
_____/

## ORDER CLOSING CASE

**THIS CAUSE** is before the Court on Plaintiff Allen Carl Green's Renewed Application to Proceed Without Prepayment of Fees and Affidavit [DE 12], his (Third) Amended Complaint [DE 11], and Plaintiff's Letter Motion [DE 14] to have his "name removed from everything and to have everything transferred into the name of my fiancee Keisha Michelle Green."  The Court has considered the Amended Complaint, the Application, the supporting financial affidavit, Plaintiff's Letter Motion, and is otherwise advised in the premises.

Before considering Plaintiff's Renewed Application, the Court must conduct a screening pursuant to 28 U.S.C. § 1915(e)(2) and is required to dismiss the complaint upon a finding that the complaint fails to state a claim on which relief may be granted. For the purposes of this screening, all allegations in Plaintiff's Amended Complaint are assumed to be true.

Plaintiff again attempts to allege claims under Title VII of the Civil Rights Act of

1964 against the his former employer, Boca Raton Resort and Club.[1]  Plaintiff filed this action *pro se* and is seeking to proceed without prepayment of fees.  In addition, Plaintiff has requested appointment of a process server and the scheduling of a quick mediation.

After filing his initial Complaint, Plaintiff filed an Amended Complaint within 21 days pursuant to Fed. R. Civ. P. 15(a)(1) [DE 5].  The Court then reviewed the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2), and concluded that Plaintiff had failed to state a claim under Title VII [DE 6].  The Court dismissed the individual defendants <u>with prejudice</u>, explaining that under the law, these supervisors were not "employers" that can be sued under Title VII.  The Court dismissed the claim as to Plaintiff's employer, the Boca Raton Resort & Club, because Plaintiff failed to sufficiently allege a Title VII cause of action.  See Order Denying Motion for Leave to Proceed In Forma Pauperis and Order Dismissing Complaint with Leave to Amend at 4-5.  Plaintiff then filed another Amended Complaint [DE's 8/9], which added a brief legal description of a Title VII harassment claim, but failed to allege any additional facts to support the claim.  The Court again dismissed the complaint with leave to amend, once again describing the missing elements of Plaintiff's claim.  Order Dismissing Amended Complaint with Leave to Amend [DE 10].

The latest pleading filed by Plaintiff again fails to address the deficiencies in the

---

[1]  The Court previously dismissed various individual Defendants who were Plaintiff's supervisors, including Donna Winters, John Rudolph, Ingrid Garcia, Jennifer Wright, and Pierro Bussani.

prior Amended Complaint.  In fact, Plaintiff states "I have already sent amend complaint after amend complaint, this not an amend complaint."  Docket Entry 11.  Plaintiff then alleges that Defendant "fired me for health reason, and were aware of my medical condition when they hire me they fired when I was in the hospital.  That's medical discrimination.  As far as the Race Discrimination it states everything in the complaint I submitted to your office & resubmitted."  Docket Entry 11.

The Court incorporates its two prior orders in this case, that gave Plaintiff clear direction as to what he needed to allege to make this case go beyond the pre-screen review required by 28 U.S.C. § 1915(e)(2).  The Court cannot circumvent the laws passed by Congress, nor can it bypass the Federal Rules of Civil Procedure.  The Court does not act with unilateral authority to allow a party to skip the process of properly stating a claim for relief.  In addition, Plaintiff cannot be represented by another person unless that person is an attorney.

This Court has given Plaintiff several chances and given him instructions on what he needs to allege to state a claim for race discrimination pursuant to Title VII of the Civil Rights Act.  The Court cannot write the complaint for Plaintiff.  See, e.g., United States v. Stossel, 348 F.3d 1320, 1321 n.2 (11th Cir. 2003).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's (Third) Amended Complaint [DE 11] is hereby **DISMISSED**, for failure to state a claim;

2. Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit [DE 12] is hereby **DENIED, without prejudice**;

3. Plaintiff's Letter Motion regarding the removal of his name and transferring the

    case to his fiancee is hereby **DENIED**;

4.    The Clerk shall close this case.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 28th day of October, 2011.

                                                JAMES I. COHN  
                                                United States District Judge

Copies provided to:

Allen Carl Green, pro se  
222 Lakeview Ave., Suite 160-156  
West Palm Beach, FL 33401